IN THE UNITED STATES DISTRICUT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

STARR SURPLUS LINES INSURANCE
COMPANY, as subrogee of
FDL-CC, LLC,

   Plaintiff,

vs.

ALLIANCE PROTECTION LLC, a/k/a and/or
d/b/a ALLIANCE PATROL SERVICES,

   Defendant.

C.A. NO.: 2:19cv-168

Honorable

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, STARR SURPLUS LINES INSURANCE COMPANY, as subrogee of FDL-CC, LLC, by and through its undersigned counsel, and for its Complaint against Defendant ALLIANCE PROTECTION LLC, a/k/a and/or d/b/a ALLIANCE PATROL SERVICES, states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff STARR SURPLUS LINES INSURANCE COMPANY, ("Plaintiff or STARR") is an Illinois corporation with its principal place of business in New York, New York, and for all relevant timeframes set forth herein, insured the real and personal property of FDL-CC, LLC.

2. FDL-CC, LLC ("FDL-CC or Insured") is a Texas company with its registered office located at 3501 Manor Road, Austin, Texas 78723. At all relevant times herein, FDL-CC maintained an insurance policy with Plaintiff for the property located at 249 Glasson Drive, Corpus Christi, Texas 78406.

3. Upon information and belief, Defendant ALLIANCE PROTECTION LLC, a/k/a and/or d/b/a ALLIANCE PATROL SERVICES ("Defendant or Alliance"), a Texas company, is duly authorized to do business in Texas with its principal place of business and registered agent located at 15834 Grenadine Drive, Corpus Christi, Texas 78418-6478.

4. The incident which serves as the basis of this Complaint occurred at an aircraft hangar ("Hangar"), located at 249 Glasson Drive, Corpus Christi, Texas 78406 in Nueces County, Texas.

5. Jurisdiction is proper in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties have diversity of citizenship pursuant to 28 U.S.C. § 1332 (a)(1).

6. Venue is proper in this district as the events, actions and/or omissions giving rise to this claim occurred within the district as required by 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATION**

7. This action arises out of a water damage incident (the "Incident") at a newly constructed aircraft hangar located at 249 Glasson Drive, Corpus Christi, Texas 78406 which was owned by FDL-CC.

8. At all pertinent times herein, STARR held valid policy of insurance which encompassed FDL-CC's Hangar and insured property therein.

9. Prior to the Incident, Plaintiff issued a policy of property insurance to FDL-CC, insuring its property against loss from water and other stated perils.

10. On June 15, 2017, the Insured's fire suppression system inadvertently activated, deluging approximately 300,000 gallons of water and foam throughout the Hangar.

11. Prior to the Incident, Alliance agreed to and did provide on-site security, supervision and patrol services at the Hangar.

12. The Incident occurred after hours, when employees and contractors of the Insured were no longer present at the Hangar.

13. At the time of the Incident, Alliance was supposed to be on site and performing site monitoring/security services.

14. Amongst other responsibilities, Alliance was responsible for monitoring the Hangar for dangers and/or threats in order to prevent or mitigate same. This included, but was not limited to monitoring/observing all activities in the Hangar such as alarm systems and fire suppression systems.

15. At the time of the Incident, the Alliance employee assigned to the Hangar was nowhere to be found, leaving the Hangar unattended without notice or explanation.

16. During Alliance's absence, a portion of the fire suppression system in the Hangar activated.

17. As a result of Alliance's absence, no one was present to promptly detect and shut down the water (and firefighting foam) supplying the system.

18. The lack of response caused the remainder of the system to activate and significantly damage the Hangar.

19. Indeed, Alliance never turned off the water and foam supply to the Hangar.

20. The delay was so great that eventually the water supply to the building was fully exhausted and fire pump motors burned themselves out.

21. Given Alliance's undisputed and unexplained absence at the time of the Incident, Alliance did not satisfy its various duties of care.

22. Pursuant to the above-referenced policy of insurance, FDL-CC made a claim to Plaintiff seeking reimbursement for damages sustained resulting from the Incident.

23. Plaintiff was required to pay $3,117,466.44 as a result of the Incident.

24. As a result of this payment, Plaintiff has become subrogated to the rights of FDL-CC against the Defendant to the extent of its payments.

## **COUNT I – NEGLIGENCE**

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 as if fully stated herein.

26. Prior to the Incident, Defendant undertook to perform on-site security services at the Hangar, including but not limited to monitoring the building alarm systems and fire suppression system, as well as preventing, identifying and mitigating threats to the property.

27. At all pertinent times herein, Defendant owed a duty to exercise due care and caution with respect to providing security services for the Hangar.

28. Defendant breached its duties through acts and/or omissions constituting negligence, including, but not limited to:

    a. Failing to perform its work in a skillful and prudent manner;

    b. Failing to observe applicable safety standards and practices relative to providing security services;

    c. Failing to take reasonable precautions when providing security services;

    d. Failing to take all necessary and reasonable precautions so as to minimize or prevent damage to the Hangar;

    e. Failing to use due care and safety in performing its work;

    f. Failing to perform its work in accordance with applicable standards so as to ensure that the Hangar was protected;

    g. Leaving the Hangar unattended and unmonitored;

    h. Failing to provide adequate supervision over the Hangar;

    i. Failing to respond to the activation of the building alarm system and fire suppression system;

    j. Failing to take efforts to prevent and reduce damage to the Hangar;

    k. Failing to notify emergency services or any other entity of the activation of the Hangar's alarm system and fire suppression system;

    l. Failing to take reasonable steps to mitigate property damage to the Hangar and its contents;

    m. Failing to observe and report warning indicators from the alarm system prior to the fire suppression system's activation;

    n. Failing to facilitate and assist various emergency services;

    o. Failing to deactivate the fire suppression system so as to altogether avoid, or at a minimum, greatly reduce the property damage at the Hangar; and,

    p. Any other acts and/or omissions, which become known during the course of discovery.

29. The damage sustained by FDL-CC was a direct, proximate and legal result of the negligent acts of Defendant.

30. On the date of the Incident, Plaintiff provided insurance to FDL-CC pursuant to a policy of insurance.

5

31. The policy specifically protected FDL-CC from risk of loss or damage to FDL-CC's building and property therein.

32. Following the Incident, FDL-CC submitted a claim under the policy, which Plaintiff has paid.

33. As a result of these payments, Plaintiff has been subrogated to the rights of FDL-CC against the Defendant.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant in the amount of $3,117,466.44, plus attorney's fees, costs and prejudgment interest.

## COUNT II – GROSS NEGLIGENCE

34. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 33 as though fully stated herein.

35. At all pertinent times herein, Defendant owed FDL-CC a duty to exercise due care and caution with respect to providing security services for the Hangar.

36. Contrary to the duties owed, Defendant carelessly, wantonly, gross negligently, and/or improperly breached those duties owed to FDL-CC through acts and/or omissions constituting gross negligence including, but not limited to:

   a. Failing to perform its work in a skillful and prudent manner;

   b. Failing to observe applicable safety standards and practices relative to providing security services;

   c. Failing to take reasonable precautions when providing security services;

   d. Failing to take all necessary and reasonable precautions so as to minimize or prevent damage to the Hangar;

   e. Failing to use due care and safety in performing its work;

    f. Failing to perform its work in accordance with applicable standards so as to ensure that the Hangar was protected;

    g. Leaving the Hangar unattended and unmonitored;

    h. Failing to provide adequate supervision over the Hangar;

    i. Failing to respond to the activation of the building alarm system and fire suppression system;

    j. Failing to take efforts to prevent and reduce damage to the Hangar;

    k. Failing to notify emergency services or any other entity of the activation of the Hangar's alarm system and fire suppression system;

    l. Failing to take reasonable steps to mitigate property damage to the Hangar and its contents;

    m. Failing to observe and report warning indicators from the alarm system prior to the fire suppression system's activation;

    n. Failing to facilitate and assist various emergency services;

    o. Failing to deactivate the fire suppression system so as to altogether avoid, or at a minimum, greatly reduce the property damage at the Hangar; and,

    p. Any other acts and/or omissions, which become known during the course of discovery.

37. Defendant's intentional, wanton and utter disregard of its duties and obligations resulted in extensive property damage at the Hangar.

38. As a direct and proximate result of Defendant's gross negligence, FDL-CC incurred property damages, as described herein.

39. On the date of the Incident, Plaintiff provided insurance to FDL-CC pursuant to policy of insurance.

40. The policy specifically protected FDL-CC from risk of loss or damage to FDL-CC's building and property therein.

41. Following the loss, FDL-CC submitted a claim under the policy, which Plaintiff has paid.

42. As a result of these payments, Plaintiff has been subrogated to the rights of FDL-CC against the Defendant.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant in the amount of $3,117,466.44, plus attorney's fees, costs and prejudgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, STARR is entitled to a judgment holding the Alliance liable for all damages sustained by STARR as described herein, plus all expenses, attorneys' fees and pre and post judgment interest and any other amounts this Honorable Court deems just.

Respectfully submitted,

DENENBERG TUFFLEY, PLLC

*/s/ Paul B. Hines*
Paul B. Hines #24104750
phines@dt-law.com
Larry W. Jenkins Jr. (Pro Hac Vice pending)
ljenkins@dt-law.com
Andrew Barrett (Pro Hac Vice pending)
abarrett@dt-law.com
28411 Northwestern Hwy., Ste. 600,
Southfield, MI 48170
T: (248)549-3900
F: (248)593-5808

## JURY DEMAND

NOW COME Plaintiff, STARR SURPLUS LINES INSURANCE COMPANY, by and through their undersigned counsel, and hereby Demand a Trial by Jury.

                                              Respectfully submitted,

                                              DENENBERG TUFFLEY, PLLC

*/s/ Paul B. Hines*
Paul B. Hines #24104750
phines@dt-law.com
Larry W. Jenkins Jr. (Pro Hac Vice pending)
ljenkins@dt-law.com
Andrew Barrett (Pro Hac Vice pending)
abarrett@dt-law.com
28411 Northwestern Hwy., Ste. 600,
Southfield, MI  48170
T: (248)549-3900
F: (248)593-5808

Dated:  June 13, 2019